IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | <u>COMPLAINT</u> |
| ANDRE L. BLACK, MIYUKI | ) | |
| JOHNSON-BLACK, and LVNV | ) | |
| FUNDING, LLC, By Resurgent | ) | |
| Capital Services LP, | ) | |
| | ) | |
| Defendants. | ) | |

     1.   This is a civil action commenced by the United States of America to foreclose three Real Estate Mortgages on one parcel of property situate in the District of South Carolina, and other relief; and the Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1345.

     2.   The Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, is an agency of the United States of America, and at all times hereinafter mentioned acted for and on behalf of the plaintiff, and the United States of America is the real party in interest in this action.

     3.   The real estate which is the subject of this action is situate in the State of South Carolina and in the County of Lexington.

FOR A FIRST CAUSE OF ACTION

     1.   On April 23, 1980, Thomas C. Gathings and Sandra P. Gathings, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby they promised to pay to the order of the United States of America through its aforesaid agency the principal sum of

$35,700.00 with interest thereon from such date on the unpaid principal balance at the rate of ten percent (10%) per annum, payable in installments of principal and interest as follows: The first installment being due and payable in the sum of $315.00 on August 25, 1980, and 392 equal and successive installments in the sum of $315.00 each, monthly thereafter, until the principal and interest are fully paid.

2.  Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Thomas C. Gathings and Sandra P. Gathings made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the real estate situate in the State of South Carolina and County of Lexington, which real estate is described in the Third Cause of Action in this complaint.

3.  The aforesaid Mortgage was filed for record and recorded in the Office of the Register of Mesne Conveyance for Lexington County, South Carolina, on April 23, 1980, in Real Estate Mortgage Book 458 at Page(s) 335-338.

4.  On April 24, 1987, Jarod P. Black executed an Assumption Agreement, whereby he assumed the indebtedness of Thomas C. Gathings and Sandra P. Gathings as evidenced by the Note and Mortgage referred to above.

5.  The Promissory Note executed by Thomas C. Gathings and Sandra P. Gathings, which Note was assumed by Jarod P. Black, provides that the consideration herefor shall support any agreement modifying

the foregoing schedule of payments.  Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal. The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note in the event of any default under the terms and provisions of the Note.

      6.   The Real Estate Mortgage described in this cause of action provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

      7.   The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

      8.   The Note and Mortgage are in default in that payments have not been made thereunder when due and the account has not been reinstated although due demand for payment has been made by the plaintiff.  The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and Mortgage to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations.  There is due upon the aforesaid Note and Mortgage an amount which is reflected in the total amount as shown in paragraph 27 in the Third Cause of Action.

      9.   Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and

regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

    10. The plaintiff does not seek a deficiency judgment in this action.

FOR A SECOND CAUSE OF ACTION

    11. On April 24, 1987, Jarod P. Black, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby he promised to pay to the order of the United States of America through its aforesaid agency the principal sum of $8,450.00 with interest thereon from such date on the unpaid principal balance at the rate of eight and one-half percent (8 1/2%) per annum, payable in installments of principal and interest as follows: The first installment being due and payable in the sum of $64.00 on May 24, 1987, and 395 equal and successive installments in the sum of $64.00 each, monthly thereafter, until the principal and interest are fully paid.

    12. Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Jarod P. Black made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the real estate situate in the State of South Carolina and County of Lexington, which real estate is described in the Third Cause of Action in this complaint.

13. The aforesaid Mortgage was filed for record and recorded in the Office of the Register of Mesne Conveyance for Lexington County, South Carolina, on April 24, 1987, in Real Estate Mortgage Book 1241 at Page(s) 13-16.

14. On September 23, 1997, the defendant(s), Andre L. Black, executed an Assumption Agreement, whereby said defendant(s) assumed the indebtedness of Jarod P. Black as evidenced by the Note and Mortgage referred to above.

15. The Promissory Note executed by Jarod P. Black, which Note was assumed by the defendant(s), Andre L. Black, provides that the consideration herefor shall support any agreement modifying the foregoing schedule of payments. Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal. The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note in the event of any default under the terms and provisions of the Note.

16. The Real Estate Mortgage described in this cause of action provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

17. The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

18. The Note and Mortgage are in default in that payments have not been made thereunder when due and the account has not been

reinstated although due demand for payment has been made by the plaintiff.  The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and Mortgage to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations.  There is due upon the aforesaid Note and Mortgage an amount which is reflected in the total amount as shown in paragraph 27 in the Third Cause of Action.

19.  Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

20.  The plaintiff does not seek a deficiency judgment in this action.

FOR A THIRD CAUSE OF ACTION

21.  On September 22, 1997, Andre L. Black, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby he promised to pay to the order of the United States of America through its aforesaid agency the principal sum of $14,280.00 with interest thereon from such date on the unpaid principal balance at the rate of one percent (1.000%) per annum, payable in installments of principal and interest as follows:  The first installment being due and payable in the sum of $65.68 on October 15, 1997, and 239 equal and successive installments in the sum of $65.68 each, monthly thereafter, until the

6

principal and interest are fully paid.  This loan is subject to interest credit recapture as is evidenced by a Subsidy Repayment Agreement.

       22.   Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Andre L. Black made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the following described real estate situate in the State of South Carolina and County of Lexington:

> All that certain piece, parcel, or lot of land, with the improvements thereon, situate, located, lying, and being in School District No. 1, in the County of Lexington, State of South Carolina, the same being shown and designated as Lot 44 Block "C", on a plat of Windy Hill Subdivision, prepared by Heaner Engineering Company, Inc., dated August 1, 1972, recorded in the Office of Deeds for Lexington County in Plat Book 150-G at Page 183 as Plat No. 345; also shown upon that certain plat prepared for Service Builders, Inc. by Douglas E. Platt, RLS, dated May 18, 1979, recorded in the Office of Deeds for Lexington County in Plat Book 182-G at Page 335; and having the following boundaries and measurements: Northwest by Lot 46, whereon it measures (93.00') feet; Northeast by Lot 45, whereon it measures (132.35') feet; Southeast by a fifty-foot right-of-way of Cross Hill Road, whereon it measures (92.69') feet; Southwest by Lot 43, whereon it measures (145.00') feet; all measurements being a little more or less.
>
> TMS No. 06530-03-023
>
> Being the identical property conveyed to Andre L. Black by deed of Jarod P. Black dated September 23, 1997, and recorded September 23, 1997, in the Office of the Clerk of Court/RMC for Lexington County, South Carolina, in Deed Book 4339 at Page 336.

23. The aforesaid Mortgage was filed for record and recorded in the Office of the Register of Mesne Conveyance for Lexington County, South Carolina, on September 23, 1997, in Real Estate Mortgage Book 4339 at Page(s) 340-346.

24. The Promissory Note executed by the said Andre L. Black provides that the consideration herefor shall support any agreement modifying the foregoing schedule of payments. Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal. The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note in the event of any default under the terms and provisions of the Note.

25. The Real Estate Mortgage described in this cause of action provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

26. The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

27. The Notes and Mortgages are in default in that payments have not been made thereunder when due and the account has not been reinstated although due demand for payment has been made by the plaintiff. The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Notes and Mortgages to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with

the Mortgages and mortgaged premises under the terms of the loan instruments and applicable regulations.  There is due upon the aforesaid Notes and Mortgages as of April 20, 2007, $76,926.62, which amount includes principal and interest, as well as other advances, and plaintiff is entitled to daily interest accrual from the above stated date at the rate of $8.50 per day.  This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement.  During the life of the loan, Defendant(s) Andre L. Black received a subsidy in the amount of $4,387.26, which amount is included in the above total debt.

      28.   Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

      29.   The plaintiff does not seek a deficiency judgment in this action.

      30.   The defendant, Miyuki Johnson-Black, is made a party to this action by virtue of a judgment dated February 28, 2002, and recorded February 28, 2002, in the Office of the Clerk of Court/R.M.C. for Lexington County, South Carolina, under Judgment Roll No. 2002-CP32-0699, in the amount of $4,650.84.  This judgment is subordinate to the Mortgage of the plaintiff.

      31.   The defendant, LVNV Funding, LLC by Resurgent Capital Services LP, is made a party to this action by virtue of a Mortgage from Citifinancial, Inc. to Andre L. Black dated September 25, 2000, and recorded September 26, 2000, in the Office of the Register of Deeds for Lexington County, South Carolina, in Mortgage Book 5983 at Page 287, in the amount of $14,336.02.  Said Mortgage was assigned to

LVNV Funding, LLC by Resurgent Capital Services LP by Assignment dated May 25, 2007.  This Mortgage is subordinate to the Mortgages of the plaintiff.

FOR A FOURTH CAUSE OF ACTION

Upon foreclosure and sale of the property hereinabove described, in order that the purchaser at said sale may duly acquire peaceful possession of the property, the Court is respectfully requested to include in its Decree of Foreclosure and Sale the following proviso, to wit:

> After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) to vacate the premises, the United States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict the parties therefrom.  The United States Marshal or Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal or Sheriff will be upon pain of contempt of Court.

WHEREFORE, the plaintiff prays:

(a) That the amount due upon the aforesaid Notes and Mortgages be ascertained and determined by the Court.

(b) That the plaintiff's Mortgage described in the First Cause of Action be declared a first lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest and equity of redemption of the defendant(s), and of any person holding

by, through, or under the defendant(s), shall be forever barred in and to the mortgaged premises.

    (c) That the plaintiff's Mortgage described in the Second Cause of Action be declared a second lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest, and equity of redemption of the defendant(s), and of any person holding by, through, or under the defendant(s), shall be forever barred in and to the mortgaged premises.

    (d) That the plaintiff's Mortgage described in the Third Cause of Action be declared a third lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest, and equity of redemption of the defendant(s), and of any person holding by, through, or under the defendant(s), shall be forever barred in and to the mortgaged premises.

    (e) That the property herein described be sold at public outcry free and clear of all liens, except the liens of ad valorem taxes, if any, and that the proceeds of sale be applied as follows:

    First, to the costs and expenses of this action and sale of the property as decreed by the Court;

    Second, to the payment and discharge of the amount due on the plaintiff's Notes and Mortgages;

    Third, the surplus, if any, be distributed according to law.

    (f) That the further relief sought by Plaintiff in its Fourth Cause of Action be granted; and

   (g) For such other and further relief as the Court may deem just and proper.

          REGINALD I. LLOYD
          United States Attorney


         BY: __s/ J. Douglas Barnett_____
           J. DOUGLAS BARNETT(ID# 2144)
         Assistant United States Attorney
         Attorneys for Plaintiff
         1441 Main Street, Suite 500
         Columbia, South Carolina  29201
         (803) 929-3000

Columbia, South Carolina

June 28, 2007